IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEVIN RAPCHAK,

      Plaintiff,

vs.                                                                                       No. CIV 19-0186 JB\CG

MARK BOWEN, WARDEN, and
FNU SANTANA, C.O.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under rules 11 and 41(b) of the Federal Rules of Civil Procedure on the Prisoner's Civil Rights Complaint, filed March 6, 2019 (Doc. 1)("Complaint). The Court determines that the Complaint was filed in violation of rule 11. The Court will, accordingly, dismiss the Complaint without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The Complaint asserts prisoner civil rights claims arising out of an altercation during a pat-down search. See Complaint at 1. The Complaint is hand-printed on a civil rights complaint form and there is no original signature on the signature line at the end of the Complaint. See Complaint at 6. The Complaint does include a statement under penalty of perjury, and there is a signature under that statement, but it is difficult to discern whose signature appears on the statement. See Complaint at 6.

On May 3, 2019, the Court received a Motion to Dismiss Civil Litigation (Doc. 13)("MTD") seeking to voluntarily dismiss this proceeding. See MTD at 1. The MTD appears to be made in the same hand-printing that appears on the Complaint, including the hand-printed name "Devin Rapchak" on the signature line, but it does not include any original signature.

See MTD at 1.  The Court then received a motion requesting disposition.  See Motion to Request Disposition, filed May 20, 2019 (Doc. 14)("Disposition Motion.  The Disposition Motion is also hand-printed, but the printing differs from the printing on the Complaint and the MTD.  Compare Complaint at 1, with MTD at 1 and Disposition Motion at 1.  The Disposition Motion contains an original signature purporting to be Rapchak's.  See Disposition Motion at 1.

Six months later, on November 18, 2019, the Court received a Motion to Ignore Previous Dismissal, (Doc. 19)("Motion to Ignore").  See Motion to Ignore at 1.  The hand-printing on the Motion to Ignore appears similar to that on the Disposition Motion but differs from the printing in the Complaint and MTD.  Compare Complaint at 1, with MTD at 1, Disposition Motion at 1, and Motion to Ignore at 1.  The Motion to Ignore asserts that the MTD is an unknown person's attempt to sabotage the litigation.  See Motion to Ignore at 1.  On December 19, 2019, the Court entered an Order to Show Cause (Doc. 21)("OTC"), noting the discrepancies in the filings and ordering Rapchak to show cause why the Court should not dismiss this case without prejudice.  See OTC at 1.  The Court then received a "Motion Order to Show Cause" on January 10, 2020, contending that whoever filed the MTD was "outside their jurisdiction" and asking the Court to disregard the MTD.  Motion Order to Show Cause at 1.

## **THE LAW REGARDING PLEADINGS**

Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Under the Federal Rules of Civil Procedure, the real party in interest must prosecute each action.  See Fed. R. Civ. P. 17(a).  Rule 8 of the Federal Rules of Civil Procedure provides:

A pleading that sates a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Rule 11 states:

Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention. By presenting to the court a pleading, written motion, or other paper . . . an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation;

(2) the claims defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on belief or a lack of information.

Fed. R. Civ. P. 11(a) and (b). Rule 11 permits the Court to order a party to show cause why Rule 11 has not been violated and authorizes the imposition of sanctions for violation of the Rule. Fed. R. Civ. P. 11(c).

**ANALYSIS**

The Court received a Motion seeking to voluntarily dismiss the Complaint.  See MTD at 1.  More than six months later, the Court received the Motion to Ignore, asserting that some unknown person was attempting to sabotage the litigation.  See Motion to Ignore at 1.  The handwriting on the MTD and on the Complaint appears to be the same, however, while the handwriting on the Motion to Ignore differs from the other two filings.  Compare Complaint at 1, with MTD at 1 and Motion to Ignore at 1.  The Complaint does not contain an original signature, but includes a signed statement under penalty of perjury.  See Complaint at 6.  The MTD, similarly, does not include an original signature.  See MTD at 1.  On the record's current state, it is impossible for the Court to determine who actually filed the Complaint, whether the filer is actually the real party in interest, and whether the filer is or is not the named plaintiff, Rapchak.

The Court issued the OTC to determine why the Complaint should not be dismissed.  See OTC at 1.  The responsive Motion Order to Show Cause reiterates the contention that the MTD was an attempt to interfere in the litigation, but presents no affidavit, sworn statement, or statement under penalty of perjury, and provides no specific evidence to support the contention.  See Motion Order to Show Case at 1.  Nor does the Motion Order to Show Cause identify who is interfering with the litigation or explain why the MTD is improper interference when it is in the same handwriting as the original Complaint.

The Court concludes that the Complaint and other filings in this case were filed in violation of rules 8, 11, and 17 of the Federal Rules of Civil Procedure.  See, e.g., Becker v. Montgomery, 532 U.S. 757, 764 (2001)(hand-printed name does not constitute a "signature" and is in violation of rule 11).  The Court will therefore strike the Complaint under rule 11(a) and will dismiss this

proceeding without prejudice under rule 11(c).  If Rapchak wishes to proceed, he may do so by instituting a new action through the filing of a new civil complaint.  See Fed. R. Civ. P. 3.  Rapchak must personally sign any complaint, and the complaint must meet rules 8, 11, and 17's pleading requirements.

Pending before the Court are a Motion to Request Discovery, filed April 23, 2019 (Doc. 9); Motion/Order to Retrieve Evidence, filed April 23, 2019 (Doc. 10); the MTD; Motion to Request Disposition, filed May 20, 2019 (Doc. 14); Motion to Request Concil [sic], filed June 18, 2019 (Doc. 15); Motion to Ignore; and Motion Order to Show Cause.  The Court will deny all pending motions as moot in light of this case's dismissal without prejudice.

**IT IS ORDERED** that**:** (i) the Prisoner's Civil Rights Complaint allegedly filed pro se by Devin Rapchak, filed March 6, 2019 (Doc. 1), is dismissed without prejudice; (ii) the Motion to Request Discovery, filed April 23, 2019 (Doc. 9), is denied as moot; (iii) the Motion/Order to Retrieve Evidence, filed April 23, 2019 (Doc. 10), is denied as moot; (iv) the Motion to Dismiss Civil Litigation, filed May 3, 2019 (Doc. 13), is denied as moot; (v) the Motion to Request Disposition, filed May 20, 2019 (Doc. 14), is denied as moot; (vi) the Motion to Request Concil [sic], filed June 18, 2019 (Doc. 15) is denied as moot; (vii) the Motion to Ignore Previous Dismissal, filed November 18, 2019 (Doc. 19), is denied as moot; and (viii) the Motion Order to Show Cause, filed January 10, 2020 (Doc. 22), is denied as moot.  The Court will issue a separate order entering final judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Devin Rapchak
Santa Fe, New Mexico

    *Plaintiff pro se*